ASA COLEY v. R. J. LEWIS.

*Marriage License—Penalty against Register of Deeds for issuing same without compliance with the statute.*

1. A register of deeds is not permitted to issue a marriage license, where one of the parties is under eighteen years of age, until the consent in writing of the person under whose charge he or she is, *shall be delivered* to the register. The written consent is a condition precedent to its issue.

2. Therefore where the register delivered a license complete in form to one with instructions not to give it to the parties until the mother's consent in writing was given (which was necessary here), and it was never presented to the mother or her consent obtained, but the marriage ceremony was performed under it; *Held* that the register is liable to the penalty of $200 prescribed by section 1814 of THE CODE.

CIVIL ACTION tried on appeal at Spring Term, 1884, of HALIFAX Superior Court, before *Avery, J.*

Judgment for defendant; appeal by plaintiff.

*Mr. R. O. Burton, Jr.,* for plaintiff.
*Messrs. Mullen & Moore,* for defendant.

SMITH, C. J.   The plaintiff's action is to enforce the penalty of two hundred dollars, alleged to have been incurred under the act of February 12, 1872, constituting chapter 42 of THE CODE, and entitled " Marriage and Marriage Settlements and the Contracts of Married Women."

The material facts presented in the " case agreed " and submitted to the judge in the superior court for his determination of the law arising thereon, are these :

On December 14, 1881, one Lewis Edwards applied to the defendant, who was then register of deeds for the county of Halifax, for a license for the marriage of Alick Powell, his brother-in-law, and Bettie Vine, stating at the time that the latter, then residing with her mother, was under the age of seventeen years.   The defendant at first declined to give the license without the written permission of the mother. But upon the representations of Edwards as to the condition of the roads and bad weather, the defendant wrote out and signed the license, at the same time preparing the certificate to be signed by the mother and giving her consent to the proposed marriage, both of which were delivered to Edwards with instructions not to deliver the license until the accompanying certificate had been signed.

Upon his return home, Edwards placed the license in his unlocked trunk, whence it was abstracted by Powell and under it the marriage ceremony performed.   The certificate was never presented to the mother for her signature, and her written consent was not given.

Section 1814 of THE CODE is in these words: Every register of deeds shall, upon application, issue a license for the marriage of any two persons, *provided* it shall appear to him probable that there is no legal impediment to such marriage ; *provided further,* that where either party to the pro_

posed marriage shall be under eighteen years of age and shall reside with the father or mother, or uncle or aunt, or brother or elder sister, or shall reside at a school, or be an orphan and reside with a guardian, the register shall not issue a license for such .marriage, *until the consent in writing* of the relation with whom such infant resides, or, if he or she resides at a school, of the person by whom such infant was placed at school, and under whose custody and control he or she is, *shall be delivered to him, and such written consent shall be filed and preserved by the register.*

The next section prescribes the forms of the license and certificate of marriage, when solemnized by the person performing the service, substantially to be observed.

Section 1816 declares that every register of deeds who shall knowingly or without reasonable inquiry issue a license for the marriage of any two persons, to which there is any lawful impediment, or where either of the persons is under the age of eighteen years, without the consent required by section 1814 (in the original act "section five of this act," corresponding thereto), shall forfeit and pay two hundred dollars to any person who shall sue for the same.

The inquiry is—has the defendant by his acts in the premises exposed himself to the action for the prescribed penalty ? and the answer depends upon the construction of the act.

The contention for the defendant is that the conditional delivery of the license to Edwards, with directions to withhold it until the written consent of the mother was secured by her signing the certificate, is not an "issue" of it within a fair interpretation of the section, and its surreptitious seizure and removal from the trunk, though followed by consummation of the marriage, does not render the delivery criminal. We do not acquiesce in this view. While it is true that upon repeated adjudications under the statute of limitations, it is held that issue of process in an action which

arrests its running, is referrible to its delivery to the officer who is to execute it, and perhaps to the time of delivery to the plaintiff suing it out when he intervenes, the word is appropriate to designate the time when the instrument, complete in form, passes out of the register's hands by his own act into the hands of another; and this, unaffected by directions as to terms for its subsequent use.

It is defined by WORCESTER in the first paragraph, as " the act of passing out; exit; egress or passage out;" and by WEBSTER, " the act of sending or causing to go forth; a moving out of any enclosed place; egress."

In this sense the statute prohibits the register from permitting the completed license to pass from the office and beyond his control into the hands of any applicant acting for a party to the proposed marriage. It requires, as a condition *precedent to the issue*, the consent of the designated relative or person in writing, and this written consent must be " filed and preserved " in the office.

Moreover, if the prescribed form of license was pursued, (as we must assume, in the absence of any suggested variance, it was), it recites the fact—" the written consent of Becky Coley, the mother, to the proposed marriage having been filed with me "—and this could not be unless, before its preparation, such consent was given in a written and signed instrument in possession of the register. The penalty is incurred in the very act of delivery under the circumstances, and no escape is afforded by the directions given at the time as to its delivery by the applicant.

The statute cannot mean a delivery of the license to the minister or justice of the peace, as essential to the criminality of the official act, and in that particular similar to the delivery of a judicial mandate to an officer; for if so, a delivery to one of the parties to the proposed marriage would not be a violation of the act. To give it this enlarged scope, would be to defeat its object in preventing the

clandestine marriages of infants under the prescribed age, without the approval of parents or friends, when they may be supposed hardly capable of estimating the consequences of so important a step in life, and forming a matured judgment as to its propriety. The statute would be of little value, if capable of evasion by so simple a contrivance as this case presents.

It prescribes a safe and salutary rule to prevent hasty and improvident unions on the part of persons of such tender age, in not only requiring the previous consent of such as have an interest in their well-being and happiness in future life, but that the consent shall be in writing, unmistakable in terms, delivered to the register and retained by him before he is permitted to issue, that is, to give a complete form of license under his hand to another, whereby the marriage may be brought about.

While penal statutes must, in case of doubt, be strictly construed in their operation against others, a primary rule is to ascertain from the words used the intent of the enactment, and give such reasonable meaning as will prevent the mischief intended to be remedied, and secure the ends the statute was intended to subserve.

There is error in the ruling and the judgment must be reversed, and judgment entered for the plaintiff on the case agreed.

Error. Reversed.