JOHN BOWLES v. G. W. COCHRAN.

*Penalty—License for Marriage of Females under eighteen.*

1. The Code, §§1814 and 1816, being in *pari materia*, are to be construed together, and make it the duty of the register of deeds before issuing a marriage license, to make *reasonable inquiry* whether there is any legal impediment to the marriage of the parties, or whether either of them is under the age of eighteen years and resides with her father, &c.

2. By such *reasonable* inquiry is meant such inquiry as renders it probable that no impediment to the marriage exists.

BOWLES v. COCHRAN.

3. When a man of good character and reliable applied for the license, and produced to the register a written statement purporting to give the age of the female as over eighteen years, and also the name and residence of her parents, and the person producing the statement said it was true, though no name was signed to it; *Held*, that the register had made such inquiry as was required of him, and was not liable for the penalty.

This was a CIVIL ACTION, begun in a Court of a Justice of the Peace, and tried on appeal at Fall Term, 1885, of CATAWBA Superior Court, before his Honor, *Shipp, Judge,* and a jury.

The action was brought by the plaintiff against the defendant to recover the penalty of $200 against the defendant, for issuing a marriage license to one Robert Stevenson with the daughter, Julia, of the plaintiff, said daughter being under the age of eighteen years at the time of issuing the license, on the second day of December, 1884.

Exception 1st. The plaintiff was introduced as a witness for himself, and testified that his daughter lacked four months of being eighteen years of age at the time of issuing the license for her said marriage with the said Robert Stevenson, and that said daughter Julia was living with him and a member of his family, subject to his control, at the time of the issuing said license, and had been ever since; and that said marriage license issued against his will and without his written consent or knowledge, and that the said daughter and said Stevenson were married immediately after the issuing of the said license without his consent and against his will.

The defendant was introduced as a witness in his own behalf, and testified, that he did not know the said Robert Stevenson or the said daughter Julia, at the time of issuing the said license of marriage. That one White, of Hickory, N. C., of Catawba county, of good character and reliable, applied to him for the license and produced a written statement purporting to contain the age of the said Julia and Stevenson, and the names and residences of his and her father and mother. That said writing had no name signed to it, nor did he know the handwriting, or who wrote it. That it represented the age of the said Julia to

be eighteen years, and he asked the said White, who made the application, if that statement in this paper writing was true, to which said White replied: It is true.

He further swore that Hickory, the place of residence of the plaintiff, was ten miles distant, and that there was railroad and telegraph communication from Newton to Hickory.

. This was all the information he had as to the age of the said Julia Bowles.

The counsel asked the Court to instruct the jury that upon this evidence the defendant had not shown that he had made reasonable inquiry at the time of issuing the license of the age of the said Julia; and that if they believed the evidence of the plaintiff that said Julia was under the age of eighteen years at the time of issuing the said marriage license, they should return a verdict for the plaintiff.

His Honor declined to give this instruction, but told the jury that if they believed the testimony of the defendant, he had made reasonable inquiry, and their verdict should be for the defendant.

The plaintiff excepted.

There was a verdict for the defendant. Rule for a new trial by the plaintiff. Rule discharged. Judgment for the defendant. Appeal prayed by the plaintiff, and granted to the Supreme Court.

*Mr. J. L. Cline,* for the plaintiff.
*Messrs. Haywood & Haywood,* for the defendant.

ASHE, J., (after stating the case). We are of the opinion there is no error in the judgment of the Superior Court. The action is brought against the defendant as register of deeds for the county of Catawba, for the penalty of two hundred dollars, given by §1816 of The Code, for issuing a license for the marriage of plaintiff's daughter, who, at the time was under the age of eighteen years, without making reasonable inquiry as to her

age. §1814 of The Code provides that "every register of deeds *shall,* upon application, issue a license for the marriage of any two persons; *Provided,* it shall appear to him *probable* that there is no legal impediment to such marriage." The section further provides that if either party to the proposed marriage shall be under eighteen years of age and shall reside with her father, &c., the register shall not issue the license for such marriage, without the written consent of the father in writing, &c. And then §1816, declares that any register of deeds who shall *knowingly or without reasonable inquiry,* issue a license for the marriage of any two persons to which there is any lawful impediment, or where either of the persons is under the age of eighteen years, without the consent required by §1814, shall forfeit and pay two hundred dollars to any person who shall sue for the same.

These two sections are *in pari materia,* and must therefore be construed together. The latter section requires that the register shall make *reasonable inquiry,* and the former provides that he shall not issue the license unless it shall appear to him *probable* that there is no legal impediment to the marriage. The latter section is qualified by the former which indicates the degree of diligence to be used in making the inquiry, and shows what is meant by *reasonable inquiry,* that is, it must be such an *inquiry* as makes it probable that there is no impediment to the marriage.

Here the register did all that was required of him under this construction of the statute, a paper was produced to him stating the age of the female to be over eighteen years of age—it is true it was not signed by any one, but the person who produced the paper was known to the register to be a man of good character and reliable, and he stated that he knew the statement in the paper to be true. When a stranger or one who is of a bad or doubtful reputation applies for a license, the register should of course act with more caution that when the applicant is known to be reliable. Here he is reliable, and there is no reason why the register should not have put implicit faith in his statement. The inquiry was not only reasonable in the strict sense of the

26

term, but was amply sufficient to raise a strong *probability* of the *fact* that there was no impediment to the marriage.

There is no error, and the judgment of the Superior Court is affirmed.

No error. Affirmed.