J. W. GRANT, Administrator, v. W. J. ROGERS, Administrator.

*Parties—Amendment—Statute of Limitation—Bona Notabilia— Account.*

1. Where an action on an administration bond was brought in the name of the administrator *de bonis non,* and not in that of the State on his relation, an amendment making the proper plaintiff will be allowed in the Supreme Court, without terms, where the objection was not taken below, and was not made for the first time in this Court.

2. Such amendments will not be allowed when they would destroy a just legal ground for the appeal, which existed when it was taken, such as the introduction of a party plaintiff who could maintain the action, while the party to the record when the appeal was taken could not do so, and objection was made for that cause.

3. Where administration was granted in 1859, and the administrator died in 1877, and suit on his bond was brought by the administrator, *de bonis non,* in 1879 directly after his qualification, *It was held,* that the action was not barred by the statute of limitation.

4. *Quare,* whether in such case, the present statute of limitation applies, or that in force prior to 1868.

5. *Bona notabilia,* consists of any obligations due to the intestate's estate, which are recoverable by action.

6. Where a party died domiciled in Virginia, but administration was granted in this State, and an administration bond given, such administration bond is sufficient *bona notabilia* to warrant the issue of letters of administration in this State.

7. Where a defendant is shown to be liable to account, a reference follows as a matter of course, unless some plea in bar is set up, such as a release, &c.

8. Where a person dies domiciled in another State, and has property in this State, the administrator here, should file his account with the Clerk, and have it audited and passed on, before transferring the fund to the State of the domicil.

9. Where in bar to an action for an account, in a suit upon an administration bond, it was alleged that the decedent was domiciled in Virginia at the time of his death, and that the estate had been fully settled there, but the administrator in this State had made no settlement with the Clerk, *It was held*, that such plea did not bar the account, although the administrator may show upon taking the account that the assets in this State have in fact been properly applied.

(*Justices* v. *Simmons*, 2 Jones, 187; *Allen* v. *Jackson*, 86 N. C., 321; *Lawrence* v. *Norfleet*, 90 N. C., 533; *Railroad Co.* v. *Morrison*, 82 N. C., 141; *Neal* v. *Becknell*, 85 N. C., 290; *Baker* v. *The Railroad Co.*, 91 N. C., 308, cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* at Spring Term, 1884, of the Superior Court of NORTHAMPTON county.

The defendant appealed.

The facts are fully stated in the opinion.

*Mr. T. N. Hill,* for the plaintiff.
*Mr. W. C. Bowen,* for the defendant.

SMITH, C. J. The case made in the complaint, and constituting the plaintiff's cause of action, is this:

Edward J. Turner, alleged to be a resident of Northampton county, in this State, died intestate in the year 1858, possessing both real and personal estate therein, and at March Term, 1859, following, the County Court of said county, granted administration on his estate to Thomas B. Powell, who thereupon entered into bond, in the penal sum of thirty thousand dollars, in the form and with the conditions prescribed by law, to which Joseph M. S. Rogers and J. M. Rogers became and were accepted as sureties. By virtue of these letters, the said Thomas B. Powell aequired possession of assets of large amount, and also received rents of land, and the proceeds of the sale of land, made under an order of Court, and paid over to him, to be applied by him in a due course of administration, for none of which has he ever accounted, nor made any return. Thomas B. Powell died in 1877, and letters of administration *de bonis non*, on the estate of the intestate, Edward J. Turner, were, on April 1st, 1879, issued from the Probate Court of said county, to the plaintiff.

The surety, Joseph M. S. Rogers, having also died intestate, administration on his estate was committed to the defendant W. J. Rogers.

The present action was commenced on April 1st, 1879, by the issue of a summons against the living, and the administrator of the deceased surety to the bond, for the recovery of the assets of the intestate, which were, or ought to have been, in the hands of his deceased representative, and with which he is chargeable in this State. The Sheriff's return on the process, "served April 3rd, 1879, by making known to the defendant," (using the singular number,) "the contents of this summons," leaves it uncertain whether the service was on both, or if on one only, which of the defendants, but as an answer is filed by the administrator of the deceased surety only, and no notice is taken of the failure of the other defendant to answer, in the progress of the cause, we must deem the action to be prosecuted only against the former.

The answer of W. J. Rogers, administrator, while controverting most of the material allegations of the complaint, denies that the intestate Turner was a resident in this State, and declares that before, and at his death, his domicil had been, and was, in the adjoining county of Southampton, in Virginia, where were his large real and personal estate possessions, and soon after his death, letters of administration were granted by the proper court in that county to the said Thomas B. Powell; that as a means of perfecting this primary administration of domicil, he also took out administration in Northampton, but what amount of assets may have been received under the latter grant, is unknown to the defendant. As a further defence, and in bar of a right to an account, the defendant alleges, that in a suit in the court of chancery in Southampton county, in which the said Thomas B. Powell, and the creditors and next-of-kin of the intestate Turner, were made parties, there was a decree for an account against the administrator, and an order of reference executed, ascertaining the value of the assets, as well personal as derived

from the sale of land, and the extent of the intestates indebtedness.

That in this proceeding, a final decree was made, directing the payment of the debts reported to be due, and the distribution of the surplus among the parties entitled thereto, which has been fully performed by the said administrator.

The answer also sets up the bar of the statute of limitations, and insists further, that the grant of administration to the plaintiff, is void, for want of *bona notabilia* in Northampton county to confer jurisdiction upon the Court, to order the issue of letters.

Without adverting to the pleadings, further than to note the misdescription in the answer of the proceeding in equity, drawn from memory, in that the record shows it to have been a creditor's suit, prosecuted against the administrator, the widow, and the infant child of the deceased, as his next of kin, with the result, however, properly set out in the answer, we proceed .to consider the controversies raised.

At Spring Term, 1884, issues were prepared, and by agreement, submitted to the Judge in place of a jury, which, with his findings in response, are as follows:

I. Was Edward J. Turner a resident of Northampton county, as is alleged, or was he a resident of Virginia?

Answer—He was a resident of Southampton county, Virginia, where he died.

II. Was Thomas B. Powell duly appointed in the county of Southampton, administrator of Edward J. Turner?

Answer—He was.

III. Did Edward J. Turner, at his death, leave real and personal property in said Southampton county?

Answer—He did.

IV. Did said Powell, after his qualification in Virginia, in order to administer the personal property of the intestate in Northampton, qualify also as such, in this county?

Answer—He did.

V. Were there, on April 1st, 1879, any asssts of said intestate in Northampton county?

VI. Were any debts outstanding, at the date last mentioned, against the intestate's estate?

VII. Are the heirs and distributees of the intestate, residents of Virginia?

VIII. Did said Thomas B. Powell, as administrator of the intestate, in or about the year 1860, bring suit in the Court of Equity in Southampton county and file a petition against the next of kin and creditors of the deceased, for an account and final settlement of his estate, wherein said creditors and next of kin were made parties and duly served with with process; and was said suit conducted to a final hearing, according to the laws of Virginia?

The Court being of opinion that the 5th and 6th issues contained no matters, however answered, barring an account, declined to pass on them. To this the defendant excepted.

In reference to the remaining issues, without any response thereto, the Judge directed the following entry to be made: "The counsel for the defendant proposed another issue, numbered 8, which was entered on the record, and stated that they had no evidence bearing upon that issue, except a transcript of the record of the Court of Equity of Southampton county."

The evidence was received, and it was adjudged that the 8th issue presented matter for the Court, and the question arising thereon was reserved by the Court.

The foregoing case, prepared by the appellant, was objected to on the part of counsel for the appellee, for certain insufficiencies of statement, which but for the fact, that if supplied as proposed, the result would not be changed, in the view we take of the appeal, would compel us to remand the cause, in order that the differences be considered and adjusted by the Court.

The Court ruled, that as the first administrator died in 1877, and the present plaintiff obtained letters *de bonis non,* on April 1st, 1879, and at once began the action, there was no statutory

bar to its prosecution, and proceeded at the plaintiff's instance, and against the defendant's objection, to make an order of reference for the taking an account of the administration by the said Thomas B. Powell, of the assets received, and that ought to have been received, in this State.

From these ruling the defendant appeals.

I. His counsel here, move to dismiss the action, for that the State is not, and should be, a party plaintiff in the action, and in answer thereto, the plaintiff asks leave to amend.

This objection, assuming its sufficiency, was not taken until the hearing in this Court, but the cause has proceeded as if no such defect in the pleadings existed, and the case is a proper one, under the circumstances, for the exercise of the power of amendment, conferred in express term by The Code, §965, "to amend by making proper parties to any case, when the Court may deem it necessary and proper for the purposes of justice, and on such terms as the Court may prescribe."

A precedent, if any was needed, may be found in the action of the Supreme Court of the United States in the *Tremolo Patent*, 23 Wall., 518, where Mr. Justice STRONG uses these words: "The amendment, (inserting in the bill an averment of a second re-issue of the patent,) deprived the defendant of no rights which they had not enjoyed during all the progerss of the trial. It may well be denominated only an amendment in form, because it introduced no other cause of action than that which had been tried."

We should not allow such a change, if the effect were to destroy a just legal ground for the appeal, which existed when it was taken, as an application for an amendment introducing a new plaintiff, who might, while the displaced plaintiffs appellants could not, maintain the action, as was refused in *Justices* v. *Simmons*, 3 Jones, 187, approved in *Allen* v. *Jackson*, 86 N. C., 321; nor do we impose any terms.

II. We concur in the opinion that no impediment is interposed by the lapse of time, as decided in *Lawrence* v. *Norfleet*, 90 N.

C., 533, if the case be governed by the present statute, and if not, the remedy on the bond remained in force, until lost under the presumption of satisfaction.

III. The appellant's next exception relates to the validity of the issue of letters to the plaintiff.

It is a sufficient answer to this, to say, that the official bond, and the liability under it to the administrator *de bonis non*, consitute assets, sufficient to confer jurisdiction upon the Probate Court. "*Bona notabilia*" embrace this, as well as other obligations to the intestates estate, the fruits whereof are recoverable by action. If it were otherwise, a note for the payment of money, sued on by the personal representative, and found at the trial to have been paid, or perhaps, if owing, barred by the statute of limitations, would have the effect of divesting the plaintiff of his representative right to bring the action, and practically annul and avoid the proceeding.

Besides, the existence of a recoverable demand would have to be proved before administration could be granted, so as legally to raise and have the question of debt determined. The very purpose of the appointment is to have the debtor's liability tested, and the result cannot invalidate the appointment, properly made at the time.

Further, the complaint avers a breach of the administration bond, in the failure to make any returns, and these damages are recoverable as assets, even if it were true that the funds had been transferred and accounted for in the chancery suit in Virginia.

IV. The remaining ground of complaint is the adjudication that the suit in Virginia is not a bar to the action.

In this, too, we think there is no error, and the defence, if well founded, is available on the taking of the account, and is not prejudiced by the order of reference. Undoubtedly, if all the assets collected in this State, and such uncollected assets as the administrator Powell is responsible for, have been transferred to the account taken in the Court in Virginia, and the account set-

tled in full with those to whom the fund belongs, which is the
subject of this action, it ought not to be allowed to proceed.
But this is not an accepted fact, and that account does not show
an item professing to be the balance of an account taken or
stated of the assets received under the grant of administration
in this State. It consists of a series of reports, debits and
credits, in which, perhaps, may be included such of the former,
as should have been accounted for in this State. This is, how-
ever, an inquiry to be made in executing the present reference.

The rule is well settled, upon numerous adjudications, that
when a person sued, is shown to be an accounting party, a refer-
ence follows, as a matter of course, unless some defence is set up
to bar the action, such as a release, settlement or the like. *Rail-
road* v. *Morrison*, 82 N. C., 141; *Neal* v. *Becknell*, 85 N. C.,
299, and cases cited.

An administrator is required to render an inventory of the
real and personal estate of the deceased, soon after his appoint-
ment, The Code §1396; and within twelve months, as well as
annually thereafter while any of the estate remains under his
control, to file an inventory and account, with his vouchers for
payments, to be examined by the clerk. §1399.

This ought to be done, for revision by the clerk, acting as Pro-
bate Judge, before the transfer of the moneys to another juris-
diction, and hence the propriety of taking the account now.
The administrators in the different jurisdictions, are independent,
and should be under the supevision of the proper officers in each,
as far as assets are acquired by the respective grants of letters.
This has not been done as to the assets collected in this State,
although, as we have said, if the proper distributees have received
payment in full of what has been collected in both jurisdictions,
and there are no creditors, the present plaintiff, who is but a
trustee, ought to be restrained from collecting from a discharged
surety, for an unnecessary purpose. *Baker* v. *Railroad*, 91 N.
C., 308, and cases referred to.

We assume that the Court ruled against the record as a bar, since otherwise there would have been no order of reference, yet the statement leaves it in the form of a reserved and undecided question. Its insufficiency as a full defence at this stage of the proceeding, is necessarily determined by the further action in directing an account to be taken. We have not overlooked the misdescription of the suit, shown in the record, to the issue it was produced to support. The proof does not correspond with the recitals contained in the 8th issue, and an affirmative response could not have been given. But as the essence of this defence lies in the final decree and its performance, we do not notice the variance, but consider the matter of the defence, as if the case had been correctly represented in the answer, and the issue formed upon it.

There is no error. This will be certified for further proceedings in the Court below.

No error. Affirmed.