## DURANT WILLIAMS v. GEORGE L. HODGES.

*Penalty—Marriage—Register of Deeds—Negligence.*

Where a Register of Deeds issued a license for the marriage of a woman under the age of eighteen years, without the written assent of her parents, upon the application of a stranger, who, in response to inquiries put to him, stated the residence of the parties desiring to be married, their parentage and that the woman was 18 or 19 years old, but the Register made no further inquiry: *Held*, that he had made no such reasonable inquiry that there was no probable legal impediment to the proposed marriage as required by law, and he had incurred the penalty provided for the neglect of his duties in that respect.

CIVIL ACTION, tried before *Shepherd, J.,* at Spring Term, 1888, of LENOIR Superior Court.

This action was brought to recover the penalty prescribed by *The Code,* § 1816.

It was agreed by the parties that the Court should try the facts as well as the law, and a jury trial being waived, the Court found the following facts:

1. That the plaintiff was a resident of Duplin County, and lived twenty-five miles from Kinston, Lenoir County, of which county the defendant was the Register of Deeds; that plaintiff had a daughter named Ann, who was under the age of eighteen, and who was living with her parents in said County of Duplin; that the daughter married one Chauncy Smith against the consent of the plaintiff; that she left his house and married Smith while the plaintiff was absent at a funeral in the neighborhood; that her parents were opposed to the marriage, which was solemnized on the 7th of April, 1887.

2. That the license for the marriage was issued by the defendant on the 8th of March, 1887, and upon the application of one Westbrook, a stranger to defendant, the latter

never having seen him before the time of the application; that Westbrook asked defendant for a license for Chauncy Smith; that defendant asked him who was his (Chauncy's) father and mother; that Westbrook gave the defendant the names of the father and mother; that defendant then asked Westbrook where Chauncy Smith lived, to which Westbrook replied that he lived in Duplin County; that defendant then asked the names of the lady and of her father and mother; that Westbrook told him their names. Defendant also asked Westbrook if Chauncy's father was living, to which he replied in the negative; that he also inquired if his mother was living, to which he replied in the affirmative; that defendant asked Westbrook if the father and mother of Ann were living and her age, to which he said yes, that they were living, and that Ann was eighteen or nineteen years of age.

3. That thereupon the license was issued by defendant.

4. That Westbrook was a white man, apparently thirty years of age, of fair address, and of apparent respectability, and that he applied for the license at 10 a. m., during the regular office hours of defendant.

5. That plaintiff was, on the last Sunday in March, 1887, informed by said Westbrook that the defendant had issued, on his (Westbrook's) application, a license for the marriage of said Smith and said Ann; that plaintiff, on the 13th of March, wrote the defendant from Buena Vista, Duplin County, if he had issued such a license, and that defendant wrote him on the 18th of March, directed to Buena Vista, Duplin County, "No one has applied for license to marry your daughter Ann."

6. That defendant did not know any of the parties.

Upon the facts found, it is adjudged by the Court that the plaintiff do recover of the defendant the sum of two hundred dollars, and the costs of this action to be taxed by the Clerk.

The defendant, having excepted, appealed.

*Mr. H. K. Kornegay,* filed a brief for plaintiff.

*Mr. N. J. Rouse,* (by brief), and *Mr. W. R. Allen,* for the defendant.

MERRIMON, J., (after stating the case.)   It appears that the defendant was the Register of Deeds of the County of Lenoir, on the 8th day of March, 1887, and the question presented by the record for our dcision is, did it · *appear probable, upon reasonable inquiry* made by him at the time he issued the license mentioned on that day for the marriage of the female Ann Williams therein named and Chauncy Smith, that she was of the age of 18 years?

The sections of the statute (*The Code,* §§ 1814–1816) pertaining to and regulating marriage, are in *pari materia,* and must be construed together in the respects material here. *Bowles* v. *Cochran,* 93 N. C., 398.   The first of these sections provides, among other things, that " Every Register of Deeds shall, upon application, issue a license for the marriage of any two persons : *Provided,* it shall *appear* to him *probable* that there is no legal impediment to such marriage," &c. The second provides that " Every Register of Deeds who shall knowingly, *or without reasonable inquiry,* issue a license for the marriage of any two persons to which there is any lawful impediment, or when either of the persons is under the age of eighteen years, without the consent required by section eighteen hundred and fourteen, shall forfeit and pay two hundred dollars to any person who shall sue for the same."

The authority thus conferred to issue license is not to be exercised carelessly and as a mere matter of form.   It is important, and intended to serve the very wholesome purpose, among other things, of preventing marriage, when there exists some legal impediment, and to prevent the marriage of persons, male or female, under the age of eighteen years, and therefore not presumed to be capable of wisely entering into so important a relation unless with the written

consent of the parent or person having the care and charge of such person to be married. The license shall not be issued as of course, to any person who shall apply for it—the Register is charged to be cautious and to scrutinize the application; it must *appear probable* to him upon *reasonable inquiry*, when he has not personal knowledge of the parties, that the license may and ought to be issued. The probability upon which the Register should act is not such as arises from conjecture, founded upon the application and pointless or evasive replies to inquiries put to the person applying for the license, but from evidence—not necessarily evidence in the strict technical sense—from inquiry of trustworthy persons known to the Register who can and do give pertinent information called out by similar inquiry presently or within a reasonable time; from the examination of pertinent records and entries; from inquiry as to like events, and from the like inquiries; and the evidence thus elicited should render it probable—more likely than the contrary—that the license should be issued in pursuance of the application for the same. In this case, to justify the defendant as to the license in question, such or like inquiry should have been made by him, and the evidence elicited should have been such as rendered it affirmatively probable that Ann Williams was of the age of eighteen years—that is, that she was—was more probable than the contrary. And such license should never be issued until it should thus *appear probable* to the Register to whom application is made for the same, that it ought to be issued. To issue a license to marry " without reasonable inquiry," without care and scrutiny, and when it does not *appear probable* to the Register that it may and ought to issue, as the law contemplates, is a perversion of the statute, disappoints its just purpose and oftentimes brings distress and ruin upon individuals and families. To prevent such evils the statute provides heavy penalties.

Now, applying what we have said, we are of opinion that

it did not *appear probable* to the defendant, upon "reasonable inquiry," that Ann Williams, mentioned, was of the age of eighteen years when the license for her marriage was issued by him. He did not know her or her family, nor did he know Smith named in the license or his family. An entire stranger to him made application for the license. He made no inquiry except of this stranger. The questions put to him were very general and vague—not such as to elicit directly material information, except that as to the age of Ann Williams. The answer in this respect was uncertain, careless and unsatisfactory—indeed, it suggested further inquiry, but none further was made. He was not even asked if the father of the female resided in the county of Lenoir, and it seems the defendant did not know that he did or did not. Surely such inquiry in respect to such a matter was not reasonable, nor did the inquiries, and the information so unsatisfactory, make it appear probable that the female was of the age of eighteen years. The mere personal appearance of an entire stranger was not evidence to create such probability—it was scarcely ground for conjecture. That an entire stranger, not vouched for, should make such an application, was rather ground of suspicion that it was not made in good faith, and this should have prompted further and satisfactory inquiry before issuing the license. *Coley* v. *Lewis,* 91 N. C., 21; *Bowles* v. *Cochran, supra.*

There is no error, and the judgment must be affirmed.

Affirmed.