## J. F. WALKER v. J. M. ADAMS.

*Penalty—Register of Deeds—Marriage License.*

When a Register of Deeds, on application for marriage license by a person whom he knew, but with whose character he was unacquainted, required the applicant to make affidavit that he and the woman he proposed to marry were of lawful age, and there was no impediment to the marriage, and there were no other circumstances to put the Register on further inquiry, but in fact the woman was under age: *Held*, that the means adopted by the Register amounted to the reasonable inquiry required by the law to be made by him.

109 — 31

CIVIL ACTION, tried on appeal from a Justice of the Peace, at Spring Term, 1891, of WILKES Superior Court, *Bynum, J.*, presiding.

This action was brought in the court of a Justice of the Peace to recover the penalty of $200, prescribed by *The Code*, § 1616, which it is alleged the defendant incurred in that, on the 9th of December, 1890, he, as Register of Deeds of the county of Wilkes, issued a license for the marriage of the male and female persons named in the pleadings, the female being a daughter of the plaintiff, residing with him, and at that time under the age of fifteen years, without a written consent of the father, as required by *The Code*, § 1814. In that Court there was judgment for the defendant, and the plaintiff appealed to the Superior Court. In the latter Court the parties agreed upon and submitted the material facts of the case to the Court for its judgment. Thereupon, there was judgment for the defendant, and the plaintiff excepted and appealed to this Court.

It appeared that when the said male person applied for the license, the defendant said to him, "Judging from your appearance I take you to be of age, but I do not know the female whom you propose to marry." The latter said, "She is about nineteen years old;" the defendant said said, "Will you make affidavit of that fact?" and he replied he would. The defendant administered an oath to the said person, and he testified by his affidavit that the persons for whom the license was intended (he being the male) were of the lawful age to marry, and that he believed there was no legal cause or impediment in the way of their marriage. The affidavit was attached to license. The defendant knew the male person so applying; he did not know his character, but had heard nothing against him.

*Messrs. Finley & Green* (by brief), for plaintiff.
*Mr. A. E. Holton*, for defendant.

MERRIMON, C. J.: The statute (*The Code* § 1816) makes it the imperative duty of the Register of Deeds to make *reasonable inquiry,* before he issues a license for the marriage of any two persons, as to whether there is any legal impediment in the way of the proposed marriage, and whether either of the parties to be married is under the age of eighteen years, and has not the consent in writing of the father or other person having the lawful care and control of such person as prescribed by the statute, (*The Code,* § 1814), that such marriage may be had. If he issues license without such inquiry, and such impediment exists, he thereby incurs the penalty of two hundred dollars in favor of any person who shall sue for the same. This statute has been repeatedly interpreted by this Court in varying aspects of it. *Bowles* v. *Cochran,* 93 N. C., 398; *Williams* v. *Hodges,* 101 N. C., 300; *Maggett* v. *Roberts,* 108 N. C., 174.

In this case, the male person proposing to be married applied to the defendant, Register of Deeds, for the marriage license. The defendant knew him, and while he ·did not know his character he knew nothing against him. He asked him as to the age of the female, and was assured that she was about nineteen years of age. He was properly not content to accept the verbal statement of the person so applying, but he required him to make affidavit of the fact, and he did so, so far as the defendant could see, in good faith; he had no reason—none appears or is suggested—to believe the contrary. The statute, Acts 1887, ch. 331, allows the Register of Deeds, when it shall appear to him that it is probable there is any legal impediment to the proposed marriage, to administer an oath to the person applying for the license as to the legal capacity of the parties to contract a marriage. The purpose of this statute is to facilitate and help the reasonable inquiry to be made by the Register, and such inquiry is reasonable when the evidence before the Register is such as renders it probable there is no legal

impediment. Nothing to the contrary appearing, surely the affidavit of a party, known to the Register, applying for a license that there was no such impediment, and that the female to be married was above the age of eighteen years, made it *probable* in the mind of the defendant that no legal objection to the marriage existed. If there had been other evidence and facts and circumstances tending to put the Register on further inquiry, it might have been otherwise. But there was no such evidence, and so far as appears the defendant was cautious and acted in good faith. The inquiry was reasonable in contemplation of the statute, and the defendant, therefore, did not incur the penalty. See cases cited, *supra.*

Affirmed.