J. M. MONGER, Administrator, v. J. M. KELLY et al.

*Appeal—Record—Errors not Apparent on the Record—Sale of Land for Assets—Sufficiency of Petition.*

1. Where the record on appeal shows that a complaint was amended, and it is suggested by counsel in this Court that the amendment was made without his knowledge, and that no order for it appears in the record, it will be presumed that it was regularly allowed below, though, in case of inadvertence, the amendment could be made here.

2. It is not necessary in a petition by an administrator *de bonis non* for leave to sell land for assets, to show that the bond of the first administrator has been sued on and exhausted.

This was a PETITION by J. M. Monger, administrator *de bonis non* of A. F. Harrington, for leave to sell lands to create assets for the payment of debts.

The defendants demurred to the petition as follows:

" For that it does not appear on the face of the complaint, as it should, and, as defendants allege, it is necessary, that action has been had on the bond of the former administrator by the administrator *de bonis non*, and nothing realized therefrom."

The Clerk of the Superior Court overruled the demurrer, and defendants appealed to *Brown, J.*, who, at chambers, sustained the ruling of the Clerk, and defendants appealed.

*Messrs. Black & Adams*, for plaintiff.
*Mr. Thomas B. Womack*, for defendants (appellants).

CLARK, J.: The first and second grounds of demurrer have been removed by the amendment of the summons and complaint. The oral suggestion of counsel here that one of these amendments was made without his knowledge, and that no order for it appears in the record, cannot avail him.

We are bound by the record, and upon the maxim *omnia presumuntur rite acta* we must take it that the amendment was regularly made below. But if there was any inadvertence in that regard, the Court could allow the amendment to be made here. *The Code*, § 965; *Grant* v. *Rogers*, 94 N. C., 755; *Hodge* v. *Railroad*, 108 N. C., 24.

The third ground of demurrer is without merit. It is not requisite to show that the bond of the first administrator had been sued and exhausted. This would be to unconscionably delay the creditors of the estate who are entitled to be paid. The petition is sufficient in law. *Shields* v. *McDowell*, 82 N. C., 137; *Brittain* v. *Dickson*, 104 N. C., 547.

No Error.