SCHOOL DIRECTORS v. CITY OF ASHEVILLE.

(Filed May 14, 1901.)

1. FINES AND PENALTIES—*Public Schools—The Constitution, Art. 9, Sec. 5—The Code, Sec. 3820.*

   Fines and penalties collected by municipal officers for violation of ordinances belong to the common school fund of the county.

2. LIMITATIONS OF ACTIONS—*Fines and Penalties—Public Schools —The Code, Sec. 155, Subsec. 1.*

   An action by a county board of school directors for fines and penalties collected by a city is barred within three years.

ACTION by the County Board of School Directors of Buncombe County against the City of Asheville, heard on demurrer by Judge *O. H. Allen,* at November Term, 1900, of the Superior Court of BUNCOMBE County. From a judgment overruling the demurrer, the defendant appealed.

*Locke Craig,* and *J. D. Murphy,* for the plaintiff.
*Bourne & Parker,* for the defendant.

MONTGOMERY, J. The demurrer to the plaintiff's fourth cause of action raises, again, the question whether Article IX, section 5, of the Constitution applies to and embraces all and the whole of *fines* which may be or have been collected by town or city authorities for violations of municipal ordinances in prosecutions for criminal offences under section 3820 of The Code, or, to particularize, does the whole of the fines which have been collected by the City of Asheville by its municipal officers in prosecutions in the nature of criminal offenses under section 3820 of The Code for violation of the city ordinances belong to the city or to the County Board of School Directors for Buncombe County?

The argument on the part of the counsel of defendant, in its resistance to the plaintiff's claim, is that the same rule of construction must be employed as to the manner in which, and the purposes to which, *fines* are to be applied under Article IX, section 5, of the Constitution, as is used in connection with the words "penalties" and "forfeitures" in the same article and section, for that the formation and grammatical construction of the sentence—"also the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal or military laws of the State * * * shall belong to and remain in the several counties, and shall be faithfully appropriated for establishing and maintaining free public schools in the several counties of this State"—preclude a different rule to be employed in the treatment of fines from that used in reference to penalties and forfeitures; that the true meaning of the words "clear proceeds" is such of the fines, penalties and forfeitures as have not been appropriated by act of the Legislature to other purposes; that the expression of opinion by Justice MERRI-MON in his dissenting opinion in *Hodge v. Railroad,* 108 N. C., 24, where he wrote, "Also the clear proceeds of all penalties and forfeitures of the clause in question refer to and embrace only such as by some statute are given to the county or the county school fund," applies to fines imposed in criminal actions as well as to penalties and forfeitures enforced by civil actions *ex contractu;* and that as the General Assembly has conferred upon the city of Asheville the power to appropriate fines and penalties to municipal purposes, there is no such thing as "clear proceeds" of such fines to which the plaintiff could be entitled.

We are not disposed to question the correctness of the position as to *forfeitures* and *penalties* as it is expressed in the dissenting opinion referred to. That view, not in the same words it may be, had been adopted by this Court in numerous

cases before that of *Hodge v. Railroad, supra,* was decided, and in numerous cases since. But the Court, in the case of *Board of Education of Vance County v. The Town of Henderson,* 126 N. C., 689, after an *advisari,* pointed out the difference between forfeitures and penalties and fines. And if there be, as the defendant argues, inconsistencies in the opinion of the Court, and a lack of unanimity among its members, as to whether the General Assembly can give the whole or a part of a penalty or a forfeiture to an informer, or to one aggrieved, there is nowhere anything said in any of the cases in conflict with what is said in *Board of Education v. Henderson, supra,* as to the distinction between penalties and forfeitures and fines.

It is unnecessary to add anything further on the subject of this distinction than was said in that case. What was said there was the deliberate opinion of the Court on an important constitutional question, and it will not be disturbed by us. As to the proper application of fines, we there said: "It must, therefore, follow that all the fines the defendant has collected upon prosecutions for violations of the criminal law of the State, whether for violation of *its ordinances,* made criminal by section 3820 of The Code, or by other criminal statutes, such fines belong to the common school fund of the county. It is thus appropriated by the Constitution, and it can not be diverted or withheld from this fund without violating the Constitution. And that applies as well to fines enforced and collected by the proper officers of the city or town as well as those collected through the action of a Justice of the Peace in prosecutions for violations of town ordinances, made misdemeanors by section 3820 of The Code; and it applies also to "penalties," the collection of which is enforceable by proceedings before a Justice of the Peace or municipal officers empowered by law to enforce the collection of such penalty in a criminal action under section 3820 of The

Code, for, in such cases, though the word "penalty" is used, it is really a "fine."

It may be well to state for the guidance of the parties in the trial to come that as the Statute of Limitations has been pleaded in bar of the plaintiff's first three causes of action, a recovery can be had for no greater amount than may be found due to the plaintiff for the three years next preceding the commencement of the action.

The action is in the nature of one for money had and received, with none of the incidents of a fiduciary or trust relation, and section 155, subsection 1, of The Code applies.

It is to be presumed that the defendant in answering will set up against the fourth cause of action the Statute of Limitations, and, if so, the same statute will apply.

No error.