## BEARDEN v. FULLAM.

*(Filed December 23, 1901.)*

1. MANDAMUS—*Jurisdiction—Chambers.*

    A public officer may be compelled by mandamus to deposit public funds in his hands in the proper depository.

2. PARTIES—*Chief of Police—Cities and Towns.*

    A suit to compel a city to pay fines and penalties to the county board of education should be brought against the city or the board of aldermen, not against the chief of police.

ACTION by M. J. Bearden and others against J. S. Fullam, Chief of Police for the City of Asheville, heard by Judge *Frederick Moore,* at Chambers, at Asheville, on 23d November, 1901. From a judgment for the defendant, the plaintiffs appealed.

*J. D. Murphy,* and *Locke Craige,* for the plaintiffs.
*L. M. Bourne,* for the defendant.

MONTGOMERY, J.    This is an action in mandamus, brought before his Honor in Chambers by the plaintiffs, the first three of whom constitute the County Board of Education of Buncombe County, and the last-named the Treasurer of the County School Fund of that county, to compel the defendant, who is the city Chief of Police of Asheville, to pay over to the Treasurer of the County School Fund the fines which he, by law, is required to collect, arising from judgments and sentences rendered and imposed in an Inferior Criminal Court in Asheville, known as the Police Justice's Court, instead of to the Treasurer of the city of Asheville, to whom he has been accustomed to pay the same. The defendant did not answer, but entered a demurrer, specifying three grounds therefor, the second one of which it is useless to consider be-

cause that ground was removed by an amendment to the complaint. The first ground was "that this Court is without jurisdiction, it appearing from the plaintiff's complaint that plaintiffs are seeking to enforce a money demand in this action; and, second, "that it appears from said complaint that plaintiff's cause of action, if any exists, is against the city of Asheville or the Board of Aldermen thereof, and not against this defendant." We think there is no merit in the first specification; this is a proceeding not to litigate a matter to obtain a judgment for money, not to ascertain the defendant's liability on an issue of whether he is indebted to the plaintiffs or not, but to compel a public officer to deposit public funds in his hands in the proper depository. It is not a money demand in the sense in which that word is used in the statute (section 623 of The Code). No demand was made on the defendant for misapplication of the funds in his hands before the suit was brought, and the judgment prayed for is not for any specific amount, but only a demand that the defendant pay to the person by law entitled to it, the moneys which he receives in the nature of fines arising from judgments of the Police Justice's Court. We think, however, that the last ground of demurrer must be sustained. The defendant is a mere agent of the city government for the collection of these fines, and by express requirement of law has to make a report of such collections periodically, on oath, to the City Clerk, and to pay over the same to the City Treasurer. The city authorities are entrusted with the power to supervise his action in these matters, to see that he makes proper reports and settlements; and for failure on his part to make them, they can relieve him of his office, and they, the facts being admitted by the answer, the city authorities, are the ones really responsible for the present condition of things which have brought about this lawsuit. The plaintiffs have no power vested in them by law to take action

against the defendant for any failure on his part to discharge his duties in reference to the matters complained of.

We can not let this case pass off without an unqualified ex· pression of our disapproval of the conduct of those who have caused this litigation by their refusal to turn these fines over to the proper fund. We are met with an open defiance of two most solemn decisions of this Court on the matter which is the subject of this litigation. In the case of *Board of Education v. Henderson,* 126 N. C., 689, we decided that all fines for violation of the criminal laws of the State, whether the fines were for violations of town ordinances made misdemeanors by section 3820 of The Code, or other criminal statutes, were appropriated by Article IX., sec. 5, of the Constitution for establishing and maintaining free public schools in the several counties. And that case was reviewed and approved in *School Directors v. City of Asheville,* 128 N. C., 249, and yet, in the face of these two decisions, it is sought to raise this question again. We are surprised at the continual violation of the law and the persistent refusal of the authori· ties of the city of Asheville to conform their actions to the decisions of this Court on the matter before us; and we would be untrue to ourselves if we did not express in unmistakable terms our disapprobation of their conduct. Their course is a dangerous example, and an incentive to others to defy the rulings of the Supreme Court of the State, and it manifests as well an indifference to public education which ought not to characterize the ruling authorities of ane of the largest and most progressive cities of the State.

The demurrer must be sustained on the last ground. But we are justified in suggesting to the plaintiffs that they might make a demand on the Treasurer of the city and the Board of Aldermen that they pay over these fines to the plaintiff E. W. Patton, Treasurer of the County School Fund of Bun combe County, and that, if they still refuse to pay over as

demanded, an action be brought against them for that pur-
pose. And, if it is thought by the plaintiffs that the city
authorities, pending the litigation, will use the money (fines
paid in by the Chief of Police) for general city purposes,
that they be enjoined from so doing. Also, it is suggested
that the money paid into the city treasury by the Chief of
Police since the decision made by this Court in *Board of Ed-
ucation v. Henderson,* and which has been paid out by the
City Treasurer for other purposes than for the Public School
Fund of Buncombe County, has been paid out unlawfully
and knowingly so by that officer.

No Error.