## W. P. COLE v. JOHN LAWS.

*Penalty—Register of Deeds—Negligence—Marriage—Verdict—Amendment.*

1. When a Register of Deeds issues a license for the marriage of a woman under eighteen years of age, without the assent of her parents, upon the application of one of whose general character for reliability he was ignorant, and who falsely stated the age of the woman, without making any further inquiry as to his sources of information: *Held*, that he had not made such reasonable inquiry into the facts as the law required, and he incurred the penalty for the neglect of his duty in that respect.

2. The Court has the power, and it is its duty to permit a jury, before separation, to correct their verdict, after it has been entered, so as to conform it to what they had agreed and intended it should be.

CIVIL ACTION, tried at March Term, 1889, of ORANGE Superior Court, *Bynum, J.*, presiding.

This action, began before a Justice of the Peace, is prosecuted to recover the penalty of two hundred dollars of the defendant, Register of Deeds, for issuing a marriage license for the marriage of the plaintiff's daughter in violation of the provisions of section 1816 of *The Code.*

The complaint alleged that Molly, the daughter, at the time under fifteen years of age, resided with the plaintiff as a member of his family and was subject to his control, and that the license was issued without his knowledge and against his will, pursuant to which the marriage to James Ellis immediately thereafter took place.

It is alleged further that the license was issued without reasonable inquiry, as directed by the statute, whereby the penalty was incurred.

To this the defendant demurred for want of jurisdiction in the Justice, in that the cause of action was not founded

on contract so as to confer it. The demurrer was sustained and the plaintiff appealed, and on the hearing in the Superior Court of Orange the judgment was reversed, and the defendant allowed to file his answer.

The defendant admitted that, as Register of Deeds in Orange County, the marriage license was issued by his deputy, Merritt Cheek, at the time and in form charged in complaint, the plaintiff being then a resident of Chatham County, and without knowing the age of said Molly. He denied the allegation that the license was issued without reasonable inquiry as to the facts, and said that the deputy issued it "upon the statement of Thomas Marks, whom he knew, and believed to be a man of truth and veracity, that said Mary Cole was of the age of eighteen years, and that there was no legal impediment to such marriage."

At March Term, 1889, the cause was brought to trial before the jury upon two issues, to-wit:

" 1. Did the defendant sign the licenses in blank and send them to Merritt Cheek as his deputy in Chapel Hill, and did Cheek deliver the license to Thomas Marks on his application?

" 2. Did Merritt Cheek, acting as deputy of the Register of Deeds, issue the license to marry set forth in the complaint, without reasonable inquiry as to whether the female named in said license was under eighteen years of age? "

The Court having refused to submit that proposed by the plaintiff, to-wit, " Did the defendant, without reasonable inquiry, issue the marriage license as alleged ? "

The plaintiff testified to the age of his daughter as stated in the complaint, and to his never having consented to the issue of the license, or marriage.

The defendant, examined as a witness for the plaintiff, testified that he issued blank licenses to his deputy, with his signature, to be filled up when applied for at Chapel

Hill; that he did not instruct his deputy to make reasonable inquiry before issuing, but did direct him, in general terms, to be very particular, and in that the law was complied with.

The testimony of the deputy, Merritt Cheek, was, that he lived at Chapel Hill; that defendant sent him some marriage licenses, signed, for him (witness) to fill up and issue when they were applied for, and told witness to examine *The Code* and be very particular; the license issued here was one of those sent him by defendant, and that witness filled it up and issued it; that Thomas Marks, a man about sixty years old, applied for a license for James Ellis, to marry Molly Cole; that Ellis was twenty-three years old, and lived in Durham County, and Molly Cole was twenty-two years old, and lived in Orange; that he did not know the general character of Marks, but had never heard anything against it; don't remember asking Marks where he lived; think he said he lived in Durham; no one present but witness and Marks; did not know Ellis or Cole, but inquired particularly where he, Cole, lived in Orange, for he did not know a family of that name in Orange; that he issued the license in the morning, and married the parties in the evening of the same day.

Plaintiff then introduced two witnesses, who testified they had known Marks twenty-five years or longer; that his general character was not good. It was admitted by both parties that the defendant kept his office as Register of Deeds at the court-house in Hillsboro.

The plaintiff asked the following instructions:

"1. If the jury believe the evidence of the defendant and Cheek, they should answer the first issue, Yes.

"2. If the jury find that the license was issued and signed in blank by the Register, and filled up by Merritt Cheek at Chapel Hill, the Register not being present, they must answer the second issue, Yes.

" 3. As a matter of law, and according to the facts in this case, the defendant did not exercise reasonable inquiry, and you will answer the second issue, Yes."

The Court gave the first instruction, and refused the second and third, and on the second issue instructed the jury as follows:

" A high and strict degree of diligence is required in inquiry before issuing marriage licenses, and it is for the defendant to show you in this case that he has exercised that diligence. Does the evidence satisfy you that the inquiry made by Cheek as to the age of the female, Molly Cole, was such that a man of reasonable prudence in the transaction of an important business matter would have been content with the information received, and would have acted upon it, trusting its truth? If so, you will answer the second issue, No; if not, you will answer it Yes."

The jury returned a verdict answering to the issue, Yes.

The counsel for plaintiff moved for judgment on the verdict, which was granted, but subsequently, during the term, the following order was entered:

" In this action, after the jury had returned their verdict finding both issues in the affirmative, and had tried two short cases for divorce, but had not departed, or held any communication with any one, it was suggested to the Court by defendant's counsel that there was a mistake in the finding of the response to the second issue. His Honor proceeded to poll the jury, and each responded that they had found that Merritt Cheek had made reasonable inquiry, and that the answer made to the the second issue was a mistake, and did not represent their actual finding. His Honor thereupon allowed the jury to make a correction of their finding, and to respond to the second issue, No, and thereupon rendered the following judgment:

"In this action, the jury having found that John Laws issued the license, signed by himself in blank, and that the same was filled up by Merritt Cheek, as his deputy, and that the said Merritt Cheek exercised reasonable inquiry before filling up and issuing said license, it is adjudged that the Register could not appoint a deputy for such purpose, and issue to him marriage licenses signed in blank, to be issued to parties calling for them, and that the plaintiff recover of the defendant the sum of two hundred dollars, and the costs of this action, to be taxed by the Clerk."

Defendant moved for a new trial, upon ground of error in Court in granting a judgment on the verdict, and for error in instructions to the jury. Motion overruled, and defendant appealed from the judgment, and plaintiff appealed from the order of the Court correcting the verdict.

*Mr. John Manning,* for the plaintiff.

*Messrs. John W. Graham, A. W. Graham,* and *R. W. Winston,* for the defendant.

SMITH, C. J.—after stating the case: We find no just cause of complaint in the substitution of the two issues in place of the one proposed by the plaintiff. The first was unnecessary, because the facts involved in the inquiry were not contested, and so the jury were directed upon the evidence to find the affirmative.

The second and third instructions asked by the plaintiff have been rendered unimportant by the ruling of the Court, which, notwithstanding the change in the response of the jury, permitted after the rendition of the verdict, awards the plaintiff a recovery upon another and different ground, to-wit, the invalidity of the attempted transfer of the defendant's official functions to be exercised elsewhere in the county.

The plaintiff's appeal would have been unnecessary if the judgment was such as ought to have been given in the case, whether upon the ground assumed by the Court to warrant it, or upon some other. But if the jury were rightfully permitted to amend their verdict, and the plaintiff had acquiesced in the charge given to the jury, the judgment upon the finding would necessarily have resulted in a judgment for the defendant, and the plaintiff not have the benefit of a new trial in which to test the correctness of his instructions that were refused. We are therefore required upon his appeal to determine whether those instructions ought to have been given, which, if given and followed, would have led to a different result.

Upon the evidence, about which there was no dispute, were "probable" reasons furnished to authorize the defendant to believe, and to act upon the belief, that no legal impediment existed to the marriage? Did he make "*reasonable inquiry*" about the age of the young girl before acting favorably upon the application? The application—verbal, we suppose—comes from an old man of sixty years, not residing in the same county with that of the plaintiff, and misrepresents that of his daughter. He was personally known—but not his character or reliableness—to the deputy. His sources of information seem not to have been inquired into, nor his reasons for making the application, nor his relations to the parties. He represents a girl of fourteen years to be of twenty-two years. Nor is it shown that anything was said about her parentage and their assent to the projected marriage. In a matter involving such grave consequences and fixing her future life, did the deputy make any reasonable effort to inform himself of the fact, and act with a prudent regard to a parent's rights in granting, and so soon following the license by consummating the marriage itself?

The case cited for the defendant (*Bowles* v. *Cochran*, 93 N. C., 398) is not at variance with the view taken of the

facts of the present case. There a paper, without signature, however, was produced before the Register, giving the age, by one known to him to be of good character and trustworthy, and the applicant stated that he knew her age to be that stated in the writing—eighteen years. There was nothing calculated to awaken suspicion in the Register's mind of the truthfulness of the representations, and it was held that the penalty had not been incurred. No such favoring circumstances attend the action of the deputy to excuse his precipitate action. He manifests an inexcusable indifference to the results of his action, and risks the well-being of others upon representations, not themselves suspicious, which have no outside support.

The case is not like that of *Williams* v. *Hodges*, decided a year since and reported in the 101st volume, page 300, of the Reports, in which more diligence was shown in finding out the facts and the true age of the infant *feme*, and yet it was held that the Register had been remiss and culpably careless in issuing the license. In the opinion, MERRIMON, J., says: "To issue a license to marry, without reasonable inquiry, without care and scrutiny, and where it does not *appear probable* to the Register that it may and ought to issue, as the law contemplates, is a perversion of the statute, disappoints its just purpose, and oftentimes brings distress and ruin upon individuals and families. To prevent such evils, the statute provides heavy penalties."

The action of the Court in permitting the jury to correct their finding after returning the verdict, and make it what they had agreed and intended it should be, was clearly competent and proper. Such a power is essential to securing a fair trial and a correct verdict, and was, in this instance, properly exercised. The cases cited in defendant's brief are direct and positive authorities in this Court. *Willoughby* v. *Threadgill*, 72 N. C., 438; *Wright* v. *Hemphill*, 81 N. C., 33.

104—42

Without passing upon the question of the right of the defendant to delegate his authority to another, to be exercised in a different part of the county, we declare there is error in refusing the plaintiff's instructions, and a *venire de novo* must be awarded.

This disposes of both appeals.                    Error.