W. P. COLE v. JOHN LAWS.

*Register of Deeds—Marriage—Penalty—Deputy.*

A Register of Deeds cannot delegate to another the duty of making the required reasonable inquiry into the legal competency to marry, of persons applying for a license.

CIVIL ACTION, tried at March Term, 1890, of ORANGE Superior Court, *Armfield, J.*, presiding, to recover the penalty for imprudently issuing a marriage license.

Only so much of the testimony as relates to the point decided is reported. See same case in 104 N. C., 651.

The plaintiff introduced the marriage license, which was in the usual form, and testified: "Mollie Cole is my daughter. She lacked ten days of being fifteen years old when she was married. I never consented to the marriage in writing, or otherwise. She has always lived with me."

Plaintiff rested, and defendant testified: "I am Register of Deeds, and have been forty or forty-five years. Merritt Cheek was my deputy at Chapel Hill, twelve miles from Hillsboro. Cheek was a special deputy to issue marriage license and for no other purpose. He was a Justice of the Peace. When I appointed him, and several times afterwards, I gave him particular instructions, and called his

attention to the law and instructed him to issue no license without complying with the law as to inquiry. I signed the license in blank and gave it to him with a number of others signed in blank. It is filled up in his handwriting and it is his name and handwriting signed to the certificate of marriage. My instructions were as to all licenses, and not as to this one specially. I was not present when this one was filled up, and did not know of it until after the marriage. Cheek performed no other duties than to issue licenses."

From the judgment rendered on a verdict for the plaintiff the defendant appealed.

*Mr. John Manning,* for plaintiff.
*Messrs. John W. Graham* and *A. W. Graham,* for defendant.

SHEPHERD, J.: The defendant is the Register of Deeds of Orange County, and as such is charged with the very important duty of issuing marriage licenses. It is to be assumed that he was elected to the said office in view of his intelligence, discretion and general fitness for the position, and as to the discharge of the particular duty in question, the public have a right to require of him the active exercise of these qualities. The law provides that he shall make reasonable inquiry as to the age of persons desiring a license to marry, and that if, without such reasonable inquiry, he issues such license without the consent of the father, etc., where either of the persons is under the age of eighteen, he shall " forfeit and pay two hundred dollars to any person who shall sue for the same." *The Code,* § 1816. Did the defendant make such reasonable inquiry in the present case? According to his own testimony he made no inquiry whatever, and the license was issued by another person who, as " special deputy to issue marriage licenses" and who resided twelve miles from the county seat, was authorized to fill up blank licenses signed by the defendant and issue the same. Surely this is

not a performance of the duty which the law imposes upon him, and we are clearly of the opinion that upon these facts, he has incurred the penalty sued for.   This being our view of the law, the exception addressed to the ruling of his Honor on the question as to whether the "special deputy" made reasonable inquiry, become immaterial, and if there was error it would be harmless, and therefore, not a ground for a new trial.

Affirmed.