STATE ex rel. FOSTER JOYNER v. E. E. ROBERTS et al.

*Trial—Question for Jury—Register of Deeds—Marriage
License.*

1. What is negligence and what is reasonable diligence are, when the facts are ascertained, questions of law to be declared by the Court; therefore, in an action against a Register of Deeds for wrongfully issuing a marriage license, it was error to leave to the jury the question whether the defendant made reasonable inquiry as to the age of the female.

2. A Register of Deeds who issues license for the marriage of a female under eighteen years of age, after being informed and believing that her father is dead and after obtaining the written consent of her mother, will be considered as having made such reasonable inquiry as contemplated by the statute.

ACTION on the official bond of E. E. Roberts, as Register of Deeds for Northampton county, for the penalty of $200 given by section 1816 of *The Code*, commenced February 20, 1892, and tried at August Term, 1893, of NORTHAMPTON Superior Court, before *Bynum, J.*

It was admitted that on the 21st day of January, 1890, the defendant issued a license for the marriage of Ida Joyner, daughter of Foster Joyner, to Charles Lewis, and that under the license the parties were married, Ida being under eighteen years of age, which was known to Roberts before and at the time the license was issued.

A witness for the plaintiff testified that Foster Joyner had been absent from home ten or twelve days when the license was issued, and said, on cross-examination, after objection, that there was a rumor in the neighborhood that Foster was dead.

Joyner testified that he gave no written or other consent to the marriage; that he had been away from home eleven days, and all knew he was not dead.

The defendant testified for himself that he refused to issue the license to the one who applied for it because he did not have the written consent of the father or mother.

The applicant told him that the girl had no father, and witness filled up a blank written consent with the name of the mother. The applicant took it off and came back next day with the paper signed by the mother, and the license was issued. The applicant, Futrell, was a man of good character, and witness issued the license because he believed that the girl had no father. Witness did not recollect

whether he had examined the census reports as to the girl's age or not.

Jackson Futrell testified that he witnessed the signing of the written consent by the girl's mother, and gave it to the Register; that he applied for the license and told the Register that the girl was sixteen or seventeen years of age; defendant said he could not give the license; no one knew where Foster Joyner was at the time, but it was generally reported that he was dead. He had been gone about two weeks when witness applied for license.

The plaintiff asked the Court in writing to instruct the jury:

"1. That if the jury believe that Foster Joyner, the father of Ida, and with whom Ida lived, was absent on a visit of two weeks to his brother in Hertford county, then the written consent of the mother was no compliance with the statute, and the plaintiff is entitled to recover $200 of defendants.

"2. That if the jury believe the evidence the plaintiff is entitled to recover of the defendants the sum of $200."

Both of said prayers were refused, and plaintiff excepted.

His Honor charged the jury as follows:

"Does the evidence satisfy you that the defendant Roberts, as to the age and parents of Ida Joyner, made such inquiry as would have satisfied a man of reasonable prudence in the transaction of an important business matter, and was his information, coming from the source it did, such as would have satisfied a man of reasonable prudence of its truth and induced him to act on it in a business matter of importance? If so, and the defendant Roberts did act upon it in issuing the license, then the jury should find the issues in favor of the defendants."

To this charge the plaintiff excepted.

There was a verdict finding all the issues in favor of the

defendants. A motion by plaintiff for a new trial and from the refusal the plaintiff appealed.

*Mr. R. B. Peebles,* for plaintiff (appellant).
*Mr. B. S. Gay,* for defendants.

PER CURIAM: There was error on the part of the Judge in leaving the question of reasonable inquiry to the jury. *Emry* v. *Railroad,* 109 N. C., 589. As the case goes back for a new trial it is proper to say that if the circumstances testified to by the defendant and the witness Futrell are true, then, under our authorities, the defendant would have made such reasonable inquiry as is contemplated by the statute. New Trial.