ROBERT B. AGENT v. JOHN B. WILLIS.

(Decided February 21, 1899).

*Marriage License—Register of Deeds—The Code, Section 1816.*

When application for marriage license is made to the Register of Deeds, he is to be cautious and to scrutinize the application, upon peril of incurring the penalty imposed by Section 1816 of The Code, if improperly issued; and where he is without personal knowledge of the parties, it must appear probable to him, upon reasonable inquiry, that the license may and ought to issue.

CIVIL ACTION, for penalty of $200, under section 1816 of The Code, instituted by the plaintiff against the defendant, Register of Deeds of Craven County, for issuing without reasonable inquiry a marriage license for the marriage of

Frank Parsons and Lizzie Agent, the said Lizzie Agent being under the age of eighteen years, without the written consent of her father, the plaintiff, with whom she resided at the time, heard upon appeal from the Justice's Court before *Norwood, J.,* at Fall Term, 1898, of CRAVEN Superior Court.

The case turned upon the issue whether the license had been issued without reasonable inquiry, and the issue was submitted to the decision of his Honor, upon the evidence of plaintiff, admitted to be true, and which is fully stated in the opinion. The defendant offered none.

His Honor, upon consideration, decided in favor of the defendant, and rendered judgment accordingly.

Plaintiff excepted and appealed.

*Messrs. Simmons, Pou & Ward,* and *L. J. Moore,* for plaintiff (appellant).

No counsel *contra.*

MONTGOMERY, J. This action was commenced in the court of a Justice of the Peace for the recovery of the penalty imposed by section 1816 of The Code, for the issuing by defendant as Register of Deeds of Craven County, of a license for the marriage of the plaintiff's daughter, who was under eighteen years of age, the consent required by section 1814 of The Code not having been delivered to the defendant. On the trial in the Superior Court the defendant offered no evidence and admitted that that of the plaintiff was true. The substance of the evidence of the plaintiff was that he had lived in New Bern for nineteen years, and that he and the defendant knew each other; that the plaintiff's daughter was under eighteen years of age and that he had not given his consent to the issuing of the license and was opposed to the marriage; that the defendant knew nothing, of his own knowledge, of

the age of the girl; that about two o'clock on the night of the 5th of September, 1898, one Prudie Harrison, and one Parsons, who was probably the man afterwards married to the girl, went to the residence of the defendant for the license, and that he declined to issue it; that they returned two hours afterwards and he still declined to issue the license and told them to come to his office later; that about two hours later he saw Harrison and Parsons and asked Harrison if he would swear to the girl's age, and that Harrison answered that he could not, but that the girl had told him three days before that she was eighteen years old, but that he did not know how old she was; that defendant told them that they would have to get some one to swear to her age, and it was then and there agreed that Parsons should go to the girl and find out what person to get to swear to her age; that the girl told him to get a man by name Tolar, and that Tolar came and swore that the girl had told him three days before that she was eighteen years old and that was all that he knew about it—the oath being made and accompanied by a statement as to his means of information. Prudie Harrison testified that he told the defendant that he thought the girl was *about* eighteen years old.

His Honor told the jury that upon the evidence the defendant had used reasonable diligence to ascertain the age of the plaintiff's daughter, and instructed them to answer the issue on that point in the affirmative.

The correctness of that instruction is the matter before us for decision. Did the defendant make reasonable inquiry about the age of the girl before he granted the license? To all persons who believe that the welfare of human society depends largely upon the family relation and that the contract of marriage should be defended by careful and just laws for the purpose of guarding against legal impediments and

to prevent the marriage of those under a certain age when the parties are presumed not to be able to contract, the duties of the Register of Deeds, the officer in our State charged with the duty of issuing marriage licenses, seem most important and most solemn. That officer must exercise his duties carefully and conscientiously and not as a mere matter of form. It was said by this Court in *Williams v. Hodges*, 101 N. C., p. 300, "The license shall not be issued, as of course, to any person who shall apply for it; the Register is charged to be cautious and to scrutinize the application; it must appear probable to him upon reasonable inquiry, when he has not personal knowledge of the parties, that the license may and ought to be issued." There was no dispute about the evidence in this case, and applying what we have said above to the facts, were probable reasons given to the defendant to authorize him to issue the license—to believe that the girl was eighteen years old? Did he make reasonable inquiry, according to the evidence, about that matter, before he acted? We are clearly of the opinion that he did not, and that the instruction of his Honor to that effect was erroneous. The contracting parties, the father, the Register of Deeds, the persons who made the application, were all residents of New Bern. At a dead hour of the night the persons who made the application go to the residence of the defendant for that purpose, and upon the application being refused they return at four o'clock in the night and again they are put off to a later hour. The license was issued two hours later, or about three-quarters of an hour after sunrise. The father of the child is at home, ignorant of what is going on. Those were most suspicious circumstances and should have put the defendant on his guard, at every point, as to his duties. Instead of requiring information from friends or connections of the family, who might reasonably be supposed to know

the age of the girl, he took her word as to her age, and that message brought through persons who were not shown to be trustworthy. He knew nothing of her or of her age. Each person who was examined about the matter said that he got his information from the girl and from no one else. The defendant seemed to think that an oath on the part of anybody was all that was necessary to authorize him to issue the license. But the character of the witness and accuracy of information are the things that the Register of Deeds should look to when he issues a license for marriage, in cases where there is doubt about the age of the parties. The oath made by Tolar, at best, was only a statement of what the girl had told him as to her age, and he qualified his oath by stating the source of his information. We might say something on the moral aspect of this case, but we forbear. It is enough to say that there was error in the instruction of his Honor, for which there must be a new trial.

New trial.