FURR v. JOHNSON.

(Filed December 5, 1905).

*Register of Deeds—Marriage Licenses—Penalties—Reasonable Inquiry—Question for Court—Instructions—Examination of Witnesses Under Oath—Burden of Proof—Evidence.*

1. In an action against a register of deeds to recover the penalty under section 2090 of the Revisal, where there is a conflict of evidence, whether there has been "reasonable inquiry" is to be submitted to the jury upon all the evidence under proper instruction; but if the facts are agreed, it is a matter of law.

2. In an action against a register of deeds to recover the penalty under section 2090 of the Revisal, an instruction that if the jury found that the prospective groom told the defendant that the girl was 18, for he had seen her age in the Bible and she had told him she was 18; and should further find that defendant knew the witness Lowder well and knew him to be a man of good character, and that he stated to the defendant that the girl was 18, and that he lived just across the street from her family and signed the paper, not under oath, and that defendant honestly believed these statements and acted on them, believing them, the defendant made reasonable inquiry, is correct.

3. Section 2088 of the Revisal does not require that the register shall make inquiry by examination of the witnesses in such cases under oath, but merely declares that he shall have "the power to do so." His using, or failing to use, such discretionary power is merely a circumstance to be considered by the jury.

4. While the court may not prescribe any rule for the guidance of the register it would seem that "reasonable inquiry" involves at least an inquiry made of, or information furnished by, some person known to the register to be reliable, or, if unknown, identified and approved by some reliable person known to the register.

5. In an action against a register of deeds to recover the penalty under section 1814 of The Code, 2088-90 of the Revisal, the burden of proof is upon the plaintiff to show that the defendant knowingly or without reasonable inquiry, issued the license contrary to law.

ACTION by E. A. Furr against W. Reece Johnson, heard by *Judge M. H. Justice* and a jury, at the May Term, 1905, of the Superior Court of CABARRUS. From a judgment for the defendant, the plaintiff appealed.

*T. D. Maness* and *Adams, Jerome & Armfield* for the plaintiff.

*L. T. Hartsell* and *Montgomery & Crowell* for the defendant.

CONNOR, J. This is an action against the register of deeds to recover the statutory penalty for issuing, without plaintiff's consent, a license for the marriage of his daughter who was under eighteen years of age and resided with him. The judge correctly charged that it was the duty of the register of deeds in issuing a marriage license "to make such inquiry for legal impediments to the marrige and as to the age of the parties as a prudent business man, acting in the most important affairs of life, would make, and to exercise his duties in this respect carefully and conscientiously, and not as a mere matter of form, and if the defendant failed to do so in the issuing of the license for the marriage of plaintiff's daughter, then he did not make reasonable inquiry, and the jury will answer the third issue "No."

Where there is a conflict of evidence, whether there has been "reasonable inquiry" is to be submitted to the jury upon all the evidence under proper instructions, but if the facts are agreed, it is a matter of law. *Joyner v. Roberts,* 114 N. C., 389; *Harcum v. Marsh,* 130 N. C., 154. The court instructed the jury, and we think properly, that if they found that "Goodman (the prospective groom) told the defendant that the girl was eighteen, for he had seen her age in the Bible and she had told him she was eighteen years of age; and should further find from the evidence that the defendant knew the witness, Lowder, well and knew him to be a man of

good character, and that he stated to Johnson that the girl was eighteen years of age, and that he lived just across the street from her family and signed the paper, not under oath, and that defendant honestly believed these statements and acted on them, believing them, the defendant made reasonable inquiry and you will answer the third issue "Yes."

We cannot concur with the plaintiff's contention that there was not reasonable inquiry because the witnesses were not examined by the register under oath. The Act of 1887, now Revisal, sec. 2088, does not require that the register shall make inquiry by examination of the witnesses in such cases under oath, but merely declares that he shall have "the power to do so." His using, or failing to use, such discretionary power is merely a circumstance to be considered by the jury. In *Agent v. Willis,* 124 N. C., 29, the examination of the witness was made by the register upon oath, but the court held that under the suspicious circumstances attendant upon that case there was not reasonable inquiry.

In *Trolinger v. Boroughs,* 133 N. C., 312, a rule easily understood and very proper to be followed is laid down: "While we may not prescribe any rule for the guidance of the register it would seem that 'reasonable inquiry' involves at least an inquiry made of, or information furnished by, some person known to the register to be reliable, or if unknown, identified and approved by some reliable person known to the register. This is the rule upon which banks act in paying checks, and surely in the matter of such grave importance as issuing a marriage license the register should not be excused upon a less degree of care."

In regard to the plaintiff's exception to His Honor's instruction that the burden of proof was upon the plaintiff upon the third issue it may be said the statute gives to any one who will sue for the same a penalty to be recovered of "Every register of deeds who shall knowingly, or without reasonable inquiry, issue a marriage license for the marriage of any two

persons" within the inhibition. The cause of action, there-
fore, consists in the violation of section 1814 "knowingly and
without reasonable inquiry." We cannot perceive why the
burden of proof upon this issue is not upon the plaintiff. If
the two first issues had been found for the plaintiff and no
verdict upon the third issue had been rendered certainly no
judgment could have been signed against defendant. The
plaintiff would not have made out his case. It will. hardly
be contended that the court could, as matter of law, have
instructed the jury to answer the third issue for the plain-
tiff because the defendant had introduced no evidence tend-
ing to show that he did not have knowledge or that he made
reasonable inquiry; yet such is the duty of the court when
the burden is upon the defendant and no evidence is intro-
duced tending to persuade the jury to sustain his contention.
Such is the basis and result of the application of the rule—
the test. *Wallace v. Robeson,* 100 N. C., 207. If the gen-
eral issue, as upon a plea of *non debet* had been submitted,
the court would instruct the jury that before they could find
for the plaintiff, he must show to them, by a preponderance
of the evidence, a state of facts commensurate with the essen-
tial allegations of his complaint. The fact that the case was
tried upon three issues does not change the rule. The bur-
den of each issue remains on the plaintiff until he brings the
acts of defendant within the penalizing language of the stat-
ute. While the burden of proving the issue is on the plain-
tiff he may, as a part of his proof, rely upon the facts shown
by him, and defendant's failure to introduce testimony pecu-
liarly within his knowledge and possession as tending to sus-
tain his contention and to persuade the jury to so find. This
is a very different matter from casting the. burden of proof
on the issue upon the defendant. The rule of practice is
illustrated in many cases, as, for instance, when the plaintiff
in actions to recover damage for negligence invokes the doc-
trine *res ipsa loquitur.* As in those cases the physical facts

for the plaintiff, he must show to them, by a preponderance of the evidence, a state of facts commensurate with the essential allegations of his complaint. The fact that the case was tried upon three issues does not change the rule. The burden of each issue remains on the plaintiff until he brings the acts of defendant within the penalizing language of the statute. While the burden of proving the issue is on the plaintiff he may, as a part of his proof, rely upon the facts shown by him, and defendant's failure to introduce testimony peculiarly within his knowledge and possession as tending to sustain his contention and to persuade the jury to so find. This is a very different matter from casting the burden of proof on the issue upon the defendant. The rule of practice is illustrated in many cases, as, for instance, when the plaintiff in actions to recover damage for negligence invokes the doctrine *res ipsa loquitur*. As in those cases the physical facts speak for themselves—so here the manner in which and circumstances under which, the defendants issued the license become evidential upon the question of knowledge or absence of reasonable inquiry. If the plaintiff relies upon the averment that the defendant knowingly issued the license in violation of the provisions of the statute, he certainly has the burden of proving the allegation. We are unable to see why the same rule does not obtain when he relies upon the averment that defendant did not make reasonable inquiry.

The rule laid down by *Judge Elliott,* in his work on Evidence, quoted in *Meredith v. Railroad,* 137 N. C., 478: "As a rule it is only where the fact negatived is peculiarly within the knowledge of the adversary, that the burden is, in any sense shifted to the latter, and even then it is the burden of going forward rather than the burden of ultimately establishing the case. The fact that the party having peculiar knowledge of the matter, fails to bring it forward, may raise a presumption or justify an inference in favor of his adversary's claim, and thus to shift the burden of proceeding in

correctly charged the jury that the burden of proof, on the issue, was upon the plaintiff.    If the Legislature intended to make the issuing of the license contrary to the statute a *prima facie* case or presumptive evidence of knowledge or want of reasonable inquiry, it could easily have, done so by making the matter one of defense by way of a *proviso,* or, as it frequently does, by declaring that the proof of certain facts should constitute presumptive evidence or declare them to be a *prima facie* case.    Many of our criminal and penal statutes have such provisions.    They have been sustained by this court.    *State v. Barrett,* 138 N. C., 630.

The judgment must be

Affirmed.