MORRISON v. TEAGUE.

(Filed November 27, 1906).

*Marriage. Licenses—Register of Deeds—Reasonable Inquiry—Question of Law.*

In an action against a Register of Deeds to recover the penalty under Revisal, sec. 2090, for issuing a marriage license contrary to its provisions, where the uncontradicted evidence showed that the Register took the word of the prospective bridegroom and his friend, neither of whom he knew, as to the age of the young lady, and made no further inquiry of any one, the Court should have given the plaintiff's prayer for instruction that as a matter of law defendant failed to make reasonable inquiry as to the age of plaintiff's daughter.

ACTION by State on relation of W. P. Morrison against G. C. Teague and sureties on his official bond, heard by *Judge Henry R. Bryan* and a jury, at the October Term, 1906, of the Superior Court of ALEXANDER.

Action to recover penalty under sec. 2090, Revisal, for issuing marriage license for the marriage of relator's daughter, under the age of eighteen, without the written consent of relator and without having made reasonable inquiry before issuing the license as required by law. From the verdict and judgment rendered, relator appealed.

*R. B. Burke, L. C. Caldwell, Z. V. Long,* and *Harry P. Grier* for the plaintiff.

*J. L. Gwaltney, J. H. Burke* and *R. Z. Linney* for the defendant.

BROWN, J.  The plaintiff testified that his daughter, Ina May, was seventeen years four months and six days old when she was married to Ross Kennedy, her first cousin, who resided in Nebraska, and that she had the appearance of a well-developed woman; that she lived in Iredell County with plaintiff, some twelve miles from Taylorsville and eight miles from Statesville.  The defendant Teague, Register of Deeds of Alexander County, issued the marriage license, upon the application of Ross Kennedy, and under it the marriage was duly solemnized in said county.  At the time the application was made for the license the young lady was not present, and as there is no evidence that the Register knew her, we think her physical appearance may be considered as irrelevant.

What transpired at the time Kennedy applied for license appears solely in the testimony of witness Matherson, as follows: "I live in Taylorsville; in April, 1905, I was in the office of the Register of Deeds, Mr. Teague, with Mr. Long, when he asked Mr. Teague about issuing the license.  Teague said he had no written permission; said he inquired of Kennedy and a man with him about the girl's age; said he knew neither of them, but issued the license and made no further inquiry of any one."  Cross-examined: "Teague said he made inquiry of them why they applied for license in Taylorsville; he said they said the girl lived in an adjoining county, and that it was nearer to Taylorsville than it was to Statesville; that he inquired of both; said they appeared to be nice, decent men; he said they both said they knew her age and she was over eighteen years of age, and said Kennedy swore she was."  Defendant offered no evidence.

Plaintiff requested the Court to charge the jury as matter of law that defendant Teague in any view of the evidence failed to make reasonable inquiry as to the age of plaintiff's daughter.  Refused.  Plaintiff excepted.  The Court instructed the jury that the evidence being uncontradicted, he held as a matter of law that the defendant had made reasonable inquiry as to the age of Ina May Morrison, and if the jury believed the evidence they would answer the third issue "No," and the fourth issue, "Nothing."  Plaintiff excepted.

The learned counsel for the defendant, Mr. Gwaltney, most earnestly contended in his argument that upon a fair interpretation of the words "reasonable inquiry," the charge of his Honor should be sustained.  Notwithstanding we find ourselves unable to reconcile this view with very recent decisions of this Court, we agree with counsel that upon the evidence in the record the question was one of law, and that his Honor was correct in so holding.  The uncontradicted evidence shows that the Register took the word of the prospective bridegroom and his friend as to the age of the young lady and made no further inquiry of any one; that the Register did not know either Kennedy or his friend.  The Register's suspicions seem to have been aroused, for he inquired why they applied for license in Taylorsville, as the girl lived in Iredell; nevertheless, he made no further inquiry.

We think that under our decisions his Honor should have given the plaintiff's prayer for instruction, and that he erred in the instruction he gave.  The subject is fully discussed by *Mr. Justice Connor* in *Furr v. Johnson,* 140 N. C., 157; *Trolinger v. Boroughs,* 133 N. C., 312.

Possibly on the next trial defendant may offer evidence which will tend to prove that he made reasonable inquiry.  In this record there is none.

New Trial.