A. A. LANEY v. J. J. MACKEY.

(Filed 22 May, 1907).

1. Appeal—Docketing—Rules 5 and 7.—If a case is not docketed seven days before beginning the call in the Supreme Court of the district to which it belongs, under Rule 5, the appellee can have the appeal dismissed under Rule 17; but upon the appellee failing to do this the appellant can docket any time during the term (if before appellee moves), but not later.

2. Register of Deeds — Marriage License — Penalty — Warrant—Amendment.—When the warrant in an action against the Register of Deeds under Revisal, sec. 2090, is defective in that it did not allege that the marriage license for plaintiff's daughter, under eighteen years of age, was issued "without reasonable inquiry," it is in the discretion of the Court below to permit an amendment inserting those words (Rev., secs. 507, 512, 515), especially when the proceedings were begun before a justice of the peace. Revisal, sec. 1467.

3. **Same—Reasonable Inquiry.**—When either party to the marriage is under age, the Register of Deeds is liable to a penalty for issuing the license (Rev., sec. 2088), as set out on the face of the license (Rev., sec. 2089) ; and where the license for the marriage of a motherless girl about sixteen years old is issued without inquiry as to the consent or residence of the father, with whom he could have communicated, there is not such reasonable inquiry, which would protect the Register, especially where the license was issued upon the representations of an unknown man, who was subsequently shown to be untrustworthy and of bad general character.

ACTION against the Register of Deeds of Buncombe County to recover a penalty for the issuance of a marriage license for a female under eighteen years of age, tried before *Moore, J.,* and a jury, at April Term, 1906. Judgment, signed by *W. R. Allen, J.,* at May Term, 1906, of the Superior Court of BUNCOMBE County, for plaintiff. Defendant appealed. Pertinent facts stated in the opinion of the Court.

　*Charles A. Moore* for plaintiff.
　*Craig, Martin & Winston* and *J. G. Merrimon* for defendant.

CLARK, C. J. The motion of appellee to dismiss this appeal because not docketed at last term seven days before the call of the district to which it belongs (Rule 5) must be denied. The case was tried at May Term, 1906, of Buncombe County. It was required to be docketed, therefore, at Fall Term, 1906, of this Court. If not docketed seven days before beginning the call of the district to which it belonged, as required by Rule 5, the appellee could have had the appeal dismissed by complying with the requirements of Rule 17. *Vivian v. Mitchell,* at this term, and cases cited. But the appellee not having done this, the appellant could docket at any time during said Fall Term, but not later (*State v. Telfair,* 139 N. C., 555), if before the appellee moved to dismiss, and appellant did so docket this appeal on 11 December, 1906, before adjournment of Fall Term. This

has often been decided. *Craddock v. Barnes,* 140 N. C., 428; *Curtis v. Railroad,* 137 N. C., 308; *Benedict v. Jones,* 131 N. C., 474, and cases there cited.

This is an action against defendant Register of Deeds for Buncombe County, under Revisal, sec. 2090, for recovery of penalty of $200 for issuing license for marriage of plaintiff's daughter, who was under eighteen years of age, and without plaintiff's consent. This action was begun the day after the marriage. The defendant demurred *ore tenus* in the Superior Court that the warrant did not contain the allegation, "without reasonable inquiry." *Maggett v. Roberts,* 108 N. C., 174. It was in the discretion of the Court to permit, as he did, an amendment inserting those words (Rev., secs. 507, 512, 515), and most especially when the proceedings began before a justice of the peace (Rev., sec. 1467).

The plaintiff testified that he lived in the same town with the Register of Deeds, whom he had known for ten or twelve years, he (the plaintiff) having been for part of this time deputy sheriff and later keeper of the county jail, defendant at that time serving in some capacity under the Register of Deeds, and often seeing plaintiff; that there was a telephone in the office of defendant and another in the factory, half a mile distant, where plaintiff and his daughter worked; that his daughter was at that time only three days over sixteen years of age; that he did not give his consent for the issuing of the license or marriage; that he received no inquiry of defendant, and as soon as he heard of the marriage he went to look for defendant, who on seeing him spoke first and said: "I know your business, but I am not to blame. I qualified the man"—which last was not true.

The defendant testified that he issued the license for plaintiff's daughter to marry one Kine, upon the application of a "good-looking man, of good address," whom he had seen on the street and had spoken to before, but whose name he did

not know; that he asked this man the usual questions and the man signed the oath on back of the license, but he did not administer the oath to him. He could not say that he asked this man (whose name is O'Connor) where he lived, nor who the plaintiff was or where plaintiff lived, and does not remember whether O'Connor said the girl's mother was dead or not; that he (defendant) knew plaintiff, and did not know whether or not there was any other Laney in the county.

Plaintiff testified that O'Connor's general character was bad, and this was not contradicted. The failure to administer the oath to O'Connor, while not fatal, was a circumstance, along with the other evidence, tending to show a lack of reasonable inquiry. *Furr v. Johnson,* 140 N. C., 157.

There being no conflict in the evidence, whether reasonable inquiry was made was a question of law (*Joyner v. Roberts,* 114 N. C., 389), and the Court properly instructed the jury that if they believed the evidence to answer the first issue (whether defendant issued the license without plaintiff's consent and without reasonable inquiry) "Yes." Where either of the parties to the marriage is under eighteen years of age, the Register of Deeds is liable to a penalty for issuing the license (Rev., sec. 2090) without the written consent of the father, mother or guardian (Rev., sec. 2088), and this is set out in the face of the license (Rev., sec. 2089). The Register violating these requirements is not liable to the penalty when he has made reasonable inquiry and has been deceived, without laches on his part. *Agent v. Willis,* 124 N. C., 29; *Cole v. Laws,* 104 N. C., 656; *Williams v. Hodges,* 101 N. C., 303. In the latter case it is said: "The license shall not be issued as of course to any person who shall apply for it; the Register is charged to be cautious and to scrutinize the application; it must appear probable to him, upon reasonable inquiry, when he has not personal knowledge of the parties, that the license may and ought to be issued."

Here the defendant issued a license for the marriage of a motherless girl, sixteen years and three days of age, without the written (or any) consent of the father, as required by the statute, without any inquiry as to the consent or residence of the father, whom he had known for ten or twelve years, and whom, if he had inquired as to his place of work, he could have reached by 'phone in his office. The application was made by a man whose name was not known to the defendant, whom he does not show to have been trustworthy, and as to whom the only evidence is that his general character is bad. Such inquiry as the defendant made in this case was not reasonable. It was purely perfunctory and did not furnish the security against a violation of the law required by a proper observance of the requirements of the statute.

No Error.