This is an action brought by the plaintiff against the register of deeds of Mecklenburg County for the penalty prescribed for the issuing of a marriage license to his daughter, not 18 years of age. The action was tried before Judge Adams and the issues involved, including the issue of "reasonable inquiry," submitted to a jury and answered in favor of the defendant. The facts in the case are as follows:
It appears from the evidence that the plaintiff, Harrison T. Savage, had been a resident of Mecklenburg County for a little more than two months prior to June, 1912, when the marriage license was issued for the marriage of his daughter, Stella Savage, to Robert Parrish; that on the date of the issuance of such marriage license, Robert Parrish went to the office of the register of deeds for Mecklenburg County in company with J. L. Groves, a resident of the county and who had been for many years; that when Parrish applied to the register of deeds, Mr. Moore, the register, made inquiry of him as to the age of the girl he intended to marry, and he was informed that the girl was 21 years of age. Parrish was not known to the register, and the register required him to have some one to identify him and vouch for his character. Parrish referred the register to Mr. Groves, who had accompanied him to the courthouse for that purpose. J. L. Groves, to whom Parrish referred the register of deeds, was well known to the register, he having lived for many years in the community where the register had resided prior to his becoming register of deeds. Groves, upon inquiry by the register, informed him that he knew Parrish; that he boarded at his home and had been boarding there for six or eight months; that he knew Parrish to be straightforward and reliable, and that the register of deeds could rely upon the truth of the statements made by Parrish. Mr. Moore, the register, in *Page 431 
addition to the statement made by Parrish as to the age of the girl, asked Mr. Groves if he knew her age. Mr. Groves told him that he did not know how old she was, but stated that she was about grown, and that he certainly thought she was 18 years of age. He stated further to the register that he knew of no objections on the part of the parents to the marriage, and that he thought he would have known had there been such an objection. Groves stated further that he knew that Parrish visited the home of the girl frequently, and that the girl came to his home frequently to see Parrish; that the girl's family lived across the street from where he did. Mr. Moore, the register, had known Groves for fifteen years and considered him of good character and reliable, (385) and stated that he believed Groves when he, Groves, said that he could rely upon the statements that Parrish had made him with reference to the facts in the case; that thereupon the register read over the affidavit containing the facts set out in the license application, and Parrish was duly sworn to these facts. Harrison T. Savage, the plaintiff and the father of the girl who was married, had moved to North Charlotte in March, 1912, from South Carolina, and was employed by the Southern Railway Company as section foreman. Parrish had previously been employed under Savage, and during that time had boarded at the plaintiff's house.
His Honor charged the jury, among other things, as follows:
"It was the duty of the defendant to make inquiry as to the age of Stella Savage, not as a mere matter of form, but for the purpose, conscientiously, of ascertaining the facts as to her age — such inquiry as a business man, acting in the important affairs of life, would make." To which plaintiff excepts.
"And if you find from the evidence that the defendant failed to do so, you will then find that he did not make reasonable inquiry, and your answer to the second issue will be `Yes.' If, on the other hand, you find from the evidence that Robert Parrish applied to the defendant for the marriage license; that the defendant inquired of Parrish the age of Stella Savage; that Parrish told the defendant she was 22 years of age; that the defendant, in good faith, then inquired of Groves the age of the girl, and whether Parrish was himself reliable, and that the defendant did not know that Parrish was not reliable (if you find from the evidence that Parrish was not reliable), and that Groves told the defendant that Stella was grown, and that Parrish was a straight boy and altogether reliable, and that Groves was himself reliable and was known to the defendant to be reliable; and that the defendant then required Parrish to make a sworn statement of Stella's age, and that Parrish in the sworn statement said that she was 22 years of age; and that the defendant *Page 432 
believed these statements to be true and acceptable, and acted on them in good faith, you will, in that event, find that the defendant made reasonable inquiry, and your answer to the second issue will be `No.'" To which the plaintiff excepted.
There were no exceptions to evidence. The jury returned a verdict in favor of the defendant, and from the judgment rendered thereon the plaintiff appealed.
The charge of his Honor is fully sustained by
Trollinger v. Burroughs, 133 N.C. 312; Furr v. Johnson, 140 N.C. 159;Joyner v. Harris, 157 N.C. 298.
No error.